IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| T. K. BENSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-CV-452-JED-FHM |
| | ) | |
| JOE ALLBAUGH, Director, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On July 11, 2006, Petitioner T. K. Benson, appearing *pro se*, filed a petition for writ of habeas corpus (Doc. 1). On August 4, 2016, Petitioner paid the $5.00 filing fee (Doc. 4). Petitioner is presently in state custody at the Davis Correctional Facility, located in Holdenville, Oklahoma. In his petition, Petitioner requests that his federal sentence, entered in N.D. Okla. Case No. 03-CR-090-TCK, be modified to run concurrently with his state sentence, entered in Tulsa County District Court, Case No. CF-2003-3195. *See* Doc. 1.

Petitioner invokes the Court's jurisdiction under 28 U.S.C. § 2241. The issue raised by Petitioner challenges the execution of his federal sentence. That claim is properly adjudicated pursuant to 28 U.S.C. § 2241 since Petitioner challenges the execution, rather than the validity, of his sentence. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

A 28 U.S.C. § 2241 petition is properly filed in the district in which the prisoner is confined. *See, e.g.*, *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). Petitioner is not confined in this judicial district. Davis Correctional Facility is located in Hughes, County, and is within the jurisdictional territory of the United States District Court for the Eastern District of Oklahoma. 28

U.S.C. § 116(b). As a result, the Court lacks jurisdiction to decide the issue raised in the petition. *See United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam).

Such "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh*, 210 F.3d at 1150 (internal quotation marks omitted). "Nonetheless, . . . a court is authorized [first] to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Id.* (internal quotation marks omitted).

The Court's "quick look at the merits" of Petitioner's § 2241 claim leads to the conclusion that the claim lacks merit and is clearly doomed. In his petition, Petitioner identifies one (1) ground for relief. He alleges that:

> [o]n May 8, 2003, I was sentenced to 36 mths in federal prison. Near[ly] 2 year[s] later the State of Oklahoma sentenced me, March 25, 2004 to 18 yrs at 85%. My fed. sentence should have started to run prior to my state conviction. However I am requesting this Court order my fed. sentence to run concurrent with my state sentence or I be credited with service of the sentence, or I be credited with service of the sentence from the time of my federal conviction and the sentence be deemed completed since I should have stared service of my federal sentence before I began my state time. Why I did not is a question I cannot answer. However, it seems that I was supposed to start service of time on the sentence I was first convicted of. My federal indictment states I was convicted of my crime knowingly possessing a firearm on May 8, 2003, and my state judgment and sentence states I was convicted of robbery March 25, 2004. It is obvious my fed sentence began with the feds near a year prior to my state conviction, meaning my fed sentence was already running and should have been discharged by now. But, I'm told it will not start until after I finish my fed time. I believe this to be a violation of criminal procedures. Holding a sentence in reserve until after a sentence received after the first is completed.
> All I ask is the fed time be found to be completed, or run concurrent with my state sentence. Either way the federal sentence would be finished, as it should have been.

(Doc. 1 at 5-6).

A review of the record for Petitioner's state and federal convictions demonstrates that Petitioner's understanding of the facts providing the basis of his claim is erroneous. The docket sheet for Tulsa County District Court, Case No. CF-2003-3195, viewed at www.oscn.net, confirms Petitioner's factual allegation that, on March 25, 2004, after a jury trial, the trial judge sentenced Petitioner in accordance with the jury's recommendation to eighteen (18) years in custody of the Oklahoma Department of Corrections. However, the record for N.D. Okla. Case No. 03-CR-090-TCK refutes Petitioner's allegation that he was sentenced in federal court on May 8, 2003.[1] Instead, the record demonstrates that the indictment (N.D. Okla. Case No. 03-CR-090-TCK, Doc. 1) was not filed until July 16, 2003. On July 14, 2004, *after* Petitioner had already been convicted and sentenced in state court, Petitioner entered a plea of guilty in federal court. *See id.*, Doc. 11. On October 13, 2004, the Court sentenced Petitioner. *See id.*, Doc. 16. The judgment (*id.*, Doc. 17), entered October 21, 2004, reflects Petitioner's sentence of thirty-eight (38) months imprisonment in the custody of the United States Bureau of Prisons. The judgment specifically provides that "[t]his sentence is to run consecutively to the eighteen (18) year term of imprisonment imposed in Tulsa County District Court Case Number CF-2003-3195." *Id.*, Doc. 17 at 2. Petitioner did not appeal his federal conviction and sentence, nor has he sought relief under 28 U.S.C. § 2255. Thus, Petitioner's claim, that his federal sentence should be served concurrently with his state sentence because the federal sentence was entered first, lacks a basis in fact and is without merit.

---

[1] According to the indictment (N.D. Okla. Case No. 03-CR-090-TCK, Doc. 1), the date when Petitioner was found to be in possession of a firearm after previously being convicted of a felony was May 8, 2003. In other words, May 8, 2003, was the date of the incident giving rise to the charge filed in N.D. Okla. Case No. 03-CR-090-TCK. It was not the date of Petitioner's federal sentencing.

In addition, any constitutional challenge to the administration of Petitioner's sentences based on Petitioner's claim that the state and federal sentences should be served concurrently is clearly barred by the one year statute of limitations applicable to habeas corpus petitions and § 2255 motions. *See* 28 U.S.C. §§ 2244(d), 2255(f). The provisions of § 2244(d) extend to § 2241 petitions. *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006). The one year statute of limitations began to run on Petitioner's claim from the later of the date when Petitioner could have discovered through the exercise of due diligence that his sentences were to be served consecutively or the date on which the judgment became final. §§ 2244(d), 2255(f). That date was in October 2004, after entry of the judgment in N.D. Okla. Case No. 03-CR-090-TCK. More than eleven (11) years have passed without action by Petitioner. His claim is clearly time-barred.

Because the factual basis of Petitioner's claim is erroneous and the claim is clearly time-barred, the Court finds Petitioner's petition is doomed and it would be a waste of judicial resources to transfer this matter. As the Court lacks jurisdiction to consider Petitioner's § 2241 claim, this action shall be dismissed without prejudice to being reasserted in the proper forum.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. 1) is **dismissed without prejudice** to being reasserted in the proper forum.

ORDERED THIS 9th day of August, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

4